THOMAS P. O'BRIEN
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
PRIYA SOPORI (Cal. Bar No. 210837)
Assistant United States Attorney
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone:  (951) 276-6930
    Facsimile:  (951) 276-6237
    Email: priya.sopori@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ED CR No. 08-205-SGL |
| Plaintiff, | ) <u>GOVERNMENT'S SENTENCING</u> |
| v. | ) <u>MEMORANDUM RE: DEFENDANT</u> <u>DENNIS ANTHONY BROWN</u> |
| DENNIS ANTHONY BROWN, | ) |
| Defendant. | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney, Priya Sopori, hereby files its Sentencing Memorandum concerning defendant Dennis Anthony Brown ("defendant").

//
//
//
//

This position is based upon this sentencing memorandum, the documents and records on file in this matter, and such further evidence and argument as may be presented before or at the time of the August 3, 2009 sentencing hearing,[1] or which the Court may otherwise wish to consider and direct the government to submit.

DATED: July 28, 2009            Respectfully submitted,

                                THOMAS P. O'BRIEN
                                United States Attorney

                                SHERI PYM
                                Assistant United States Attorney
                                Chief, Riverside Branch Office

                                */s/Priya Sopori*
                                PRIYA SOPORI
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                United States of America

---

[1] The government apologizes for the delay in filing its Sentencing Memorandum in this matter. Counsel for the government was in trial in Los Angeles, and confused the date of the sentencing hearing in this matter with another matter.

2

GOVERNMENT'S SENTENCING MEMORANDUM

A. <u>Government's Sentencing Recommendation</u>

On April 1, 2009, defendant pleaded guilty to the following charge: Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography). On or about May 16, 2009, the United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") and Disclosed Recommendation Letter ("DRL") in this matter. The government has reviewed the PSR and concurs with the USPO's factual findings and its Sentencing Guidelines calculations. The guideline range for an offense level of 30 (base offense level of 33 minus 3 for acceptance of responsibility) and a criminal history category of I is 97-120 months imprisonment under 18 U.S.C. 2252A(a)(5)(B).[2] The government has also reviewed the USPO's DRL and also concurs with the recommendation that defendant be sentenced to a term of imprisonment of 51 months. To date, defendant has not filed a sentencing brief.

This sentence appropriately reflects the seriousness of the offense and provides just punishment for it. Furthermore, a sentence of 97 months imprisonment – followed by a lifetime term of supervised release with the recommended conditions – is justified under 18 U.S.C. § 3553(a) considering the nature and circumstances of the offense and defendant's history and characteristics. The recommended sentence is also necessary to promote defendant's respect for the law and to deter him from

---

[2] Without consideration of the statutory maximum penalty in this case, the high-end range of a guideline sentence would be 121 months.

1

1 future criminal conduct.  To begin with, defendant knowingly
2 subscribed to an internet child pornography website.  Such
3 websites thrive on the demands of their customers, including
4 defendant.  Defendant voluntarily attended a group therapy
5 session for sexual addicts, but (based on the PSR) he has not
6 undergone any psychological treatment for his sexual predilection
7 toward children.  Authorities found over 9,000 images file and
8 199 video files, which suggests that defendant is a long-time
9 collector of child pornography.  A great number of images contain
10 children and toddlers, who are undoubtedly prepubescent.  These
11 especially venerable children were victimized in cruel and
12 sadistic ways.
13     The government recommends the low-end sentence because
14 defendant has served his country overseas and domestically.  A
15 lifetime period of supervised release, however, is necessary to
16 monitor defendant's behavior and to help ensure that defendant is
17 able to function within the community without the need to view or
18 possess child pornography and to ensure that defendant does not
19 act on his sexual proclivities toward children.
20     Accordingly, based on a total offense level of 30 and
21 criminal history category I, the government respectfully
22 recommends that the Court impose a sentence of 97 months
23 imprisonment followed by a lifetime period of supervised release
24 subject to certain conditions recommended by the USPO and set by
25 the Court, and a special assessment of $100 dollars.
26
27
28

2