

# United States District Court
## Central District of California

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Dennis Anthony Brown,<br><br>　　　　　　Defendant. | 5:08-CR-205-SGL<br><br>**Order Denying Motion for Early Termination of Supervised Release (Doc. No. 42).** |

On May 9, 2018, Dennis Anthony Brown ("Defendant") filed a Motion for Early Termination of Supervised Release ("Motion"). (Doc. No. 42). Neither the United States Probation Office nor the United States has filed an opposition to Defendant's Motion. The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court DENIES Defendant's Motion.

## I.　Background

On April 1, 2009, Defendant pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. No. 24). On September 21, 2009, the Honorable Stephen G. Larson sentenced Defendant to a 42-month term of imprisonment followed by 15 years (180 months) of supervised release. (Doc. No. 38). On August 21, 2012,

Defendant was released from custody and has since completed 69 months of supervised release. (Mot. at 2). Since his release, Defendant completed firefighter training and began working with the Bureau of Land Management and Team Rubicon, a disaster relief organization. (Id. at 10-11). Defendant has also rejoined his wife, Carolina. (Id. at 11, 16).

## II.     Legal Standard

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the Court to consider factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering the relevant § 3553(a) factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)). "The expansive phrase 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

The Ninth Circuit has favorably cited the Second Circuit's decision in Lussier, holding that early termination of supervision is warranted where the defendant demonstrates changed circumstances, such as exceptionally good behavior:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release . . . in order to account for new or unforeseen circumstances. Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Miller, 205 F.3d at 1101 (quoting Lussier, 104 F.3d at 36).  The Ninth Circuit has since explained that it is not necessarily required for a defendant to demonstrate undue burden or changed circumstances in order to be eligible for early termination, so long as the defendant meets the requirements of 18 U.S.C. § 3583(e)(1).  See Emmett, 749 F.3d at 819-20; United States v. Bainbridge, 746 F.3d 943, 948-49 (9th Cir. 2014).

**III. Discussion**

Defendant argues that early termination of supervised release is warranted on various grounds. Defendant contends that he has been in full compliance with the terms of his supervision, including participating in a court-mandated sexual offender treatment program. (Mot. at 6-7). During his time under supervised release, Defendant states he has been able to heal and move forward. (Id. at 6). He argues that granting early termination would allow his progress to continue unhindered, thus serving the interest of justice. (Id.).

Defendant's contentions are unavailing. "Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." United States v. Grossi, No. CR 04-40127 DLJ, 2011 WL 704364, *2 (N.D. Cal. Feb. 18, 2011) (citations omitted). Defendant's clean record during supervision does not, by itself, qualify as exceptionally good behavior.

Regarding Defendant's progress and personal growth, Defendant has taken additional, voluntary measures to rehabilitate himself. Defendant states that he sought further care for sexual addiction at his local Kaiser Permanente facility on May 21, 2014. (Mot. at 7, 14). Defendant also claims that he receives treatment for posttraumatic stress disorder at a Veterans Affairs hospital. (Id.). The Court, however, also recognizes that in Defendant's Sentencing Memorandum and Response to Presentence Investigation Report, Defendant stated that he was already in therapy.

(Doc. No. 30 at 5).  While the Court commends Defendant for his ongoing treatment efforts, they are not new as Defendant was undergoing similar treatment at the time of sentencing.  Defendant does not present other evidence of new or unforeseen circumstances.  Thus, early termination of supervised release is not warranted based on the Lussier factors.

The Court now turns to the factors set forth in 18 U.S.C. § 3553(a) and finds that early termination is not warranted.  See Gross, 307 F.3d at 1044 (weighing "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines").

Though Defendant does not address in his Motion the § 3553(a) factor regarding the nature of the offense and the history and characteristics of the Defendant, the Court briefly addresses this factor.  Possession of child pornography is a serious offense that inflicts extreme harm on minors, a particularly vulnerable victim population.  The seriousness of the offense leads the Court to construe this § 3553(a) factor as weighing against early termination.

Next, the Court considers the need for deterrence.  18 U.S.C. § 3583(k) requires a minimum term of supervised release of five years for the possession of child pornography.  In light of the nature and seriousness of the offense and the difficulty in detecting such crimes, a lengthy period of

supervision serves as both a general and specific deterrent.  Defendant has served a term of 69 months, far less than the term of 180 months (15 years).  The Court finds that requiring Defendant to serve the remaining 111 months of his fifteen-year term would serve the need for deterrence.  This factor weighs against early termination.

Further, the Court finds that requiring Defendant to serve the remaining years would fulfill the need to protect the public.  Though the Court maintains that compliance with the terms of supervision does not qualify as exceptionally good behavior, the undisputed fact that Defendant has not violated any term of his supervised release is commendable.  (Id. at 6).  The Court acknowledges the risk of recidivism[1] and the nature of the offense.  Possession of child pornography harms a particularly vulnerable victim population that requires greater protection.  Because sex offenses against children often go unreported or undetected, the Court heeds the

---

[1] In the United States Sentencing Commission's 2012 report to Congress regarding federal child pornography offenses, the Commission found the "known general recidivism rate for federal non-production offenders studied by the Commission was 30.0 percent during an average follow-up period of eight and one-half years after the offenders' reentry into the community." United States Sentencing Commission, 2012 Report to the Congress: Federal Child Pornography Offenses, 310 (2012).  Further, the offenders' "known sexual recidivism rate, a subset of the general recidivism rate, during that same follow-up period was 7.4 percent."  Id.  The Commission concluded that non-production child pornography offenders' recidivism rate was similar to the recidivism rate for all federal offenders.  Id. at 309.  The Commission, however, warned that its study "should be viewed as a conservative measurement of actual recidivism" because "[i]t is widely accepted among researchers that sex offenses against children often go unreported or undetected."  Id. at 295.

United States Sentencing Commission's warning that actual risk of recidivism is higher than the purported figure. This factor weighs against early termination.

The Court turns to the remaining relevant § 3553(a) factors. Defendant has not shown that he is gainfully employed. He has, however, received firefighter training and uses his training as part of his involvement with the Bureau of Land Management and Team Rubicon. (Mot. at 10, 11). Thus, Defendant has satisfied the vocational requirement. Defendant has repeatedly highlighted the need to treat his posttraumatic stress disorder. (Id. at 7, 10-11). He has completed the main component of his sex offender treatment but still receives treatment as part of a maintenance program. (Id. at 7). The Court finds that Defendant would greatly benefit from further supervision to address his medical and psychological needs. Cf. United States v. Apodaca, No. LA CR 08-793-VAP, 2017 WL 3332642, at *2 (C.D. Cal. June 6, 2017) (finding early termination of supervised release unwarranted where the defendant was still required to attend counseling sessions).

Weighing all of the relevant § 3553(a) factors and Defendant's circumstances, the Court concludes that early termination is not warranted here. Terminating Defendant's term of supervised release is not in the interest of justice. See 18 U.S.C. § 3583(e)(1).

7

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for early termination of his of supervised release is DENIED.

**IT IS SO ORDERED.**

Dated: 5/29/18

Virginia A. Phillips
Chief United States District Judge