FILED
CLERK, U.S. DISTRICT COURT

9/27/22

CENTRAL DISTRICT OF CALIFORNIA
BY: ___kmh___ DEPUTY

Dennis Anthony Brown
(657) 293-3150
Street Address withheld [F.R.Crim.P 49.1]
Corona, CA 92882
skysharka2503@yahoo.com
Appearing in *Propria Persona* (*pro se*)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>DENNIS ANTHONY BROWN,<br>　　　　　Defendant. | Case No. 5:08-CR-0205<br><br>**THIRD MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Hearing Date: None Requested<br>Hearing Time: None Requested |

**NOW COMES** DENNIS ANTHONY BROWN, moving this Court *pro se* to terminate the remaining term of supervised release. This is the third such motion to request this relief during the instant supervision term, and is made pursuant to Title 18 United States Code §3583(e)(1). Under Federal Rules of Criminal Procedure 32.1(c)(2), hearing requirement is waived, and the Court is specifically and respectfully requested to decide this matter without such a hearing.

Pleading Summary: My first motion for early termination was denied by Hon. Judge Phillips in 2018. That denial order relied on, and applied, the incorrect standard. Therefore, that denial was done using an abuse of discretion. Last year, I applied for early termination once again and this Court, again, denied that request. This time, however, the Court did not

include a discussion of the sentencing factors which informed the Court's decision to deny the request. The entry itself was an in-chambers minutes form, stating the following:

> "Having read and considered Defendant's Second Motion for Early Termination of Supervised Release (Dkt. # 46) and the Probation Office's Supervision Report dated September 9, 2021 (Dkt. # 45), in which the Probation Office states its opposition to early termination, the Court DENIES the Motion." Dkt. #48.

Like the previous denial, this decision did not conform to Ninth Circuit requirements on discretionary decisions. Particularly, each such decision must be accompanied by an explanation of which sentencing factors influenced that decision.

## I. Procedural History

On October 21, 2009 I was sentenced to 42 months in prison after pleading guilty to one count of Possession of Child Pornography, 18 U.S.C. §2252A(a)(5)(B). Doc. 39.

I was sentenced to 15 years of supervised release after my release from Bureau of Prisons (BOP) custody, and that term of supervised release began on August 21, 2012. I have now served ten years of supervised release.

On May 9, 2018 I filed my first motion seeking to terminate my remaining term of supervised release. Dkt. # 42. Hon. Judge Phillips denied that request on May 29, 2018. Dkt. # 44. I submitted another request for the same relief three years later, in September of 2021 (discussed above). That request was once again denied. Here, for the third time, I reiterate that request, discuss the denial of my second motion, and include current information about my life today.

## II. Prior Arguments

For the purposes of this brief, I will assume that this Court is familiar with the general legal framework surrounding early termination of supervised release and its authority to grant this motion. Previously-made arguments are referenced, but will not be re-argued.

I have remained in total compliance with all conditions of supervision, have obtained

employment this year with Amazon, and have maintained my status as a firefighter, a disabled veteran, and a low-intensity supervisee.

### III. This Court's Denial of my Second Motion was Improper

The text of this Court's order denying my second motion for early termination of supervised release was one sentence long. It states the Court considered my motion and the stance of the Probation Office, who opposed that motion, and ordered that motion denied.

That order contained no discussion or indication at all that the applicable sentencing factors were considered when deciding the matter, now which may have weighed for or against my request. This order was contrary to clear precedent set by the Ninth Circuit in *United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014). A court abuses its discretion when it applies the wrong legal standard. *Id.* at 819. However, "[w]here a district court issues a discretionary decision without setting forth the legal standard it applied, we will not presume that its decision rested on a misapprehension of the law." *Id.* at 820.

In *Emmett*, the district court, at the least, found that "Emmett failed to demonstrate undue hardship," which was "best interpreted as one reason why early termination is not in the 'interest of justice." *Id.* Thus, the district court there did not abuse its discretion. The order was, however, vacated and remanded because the, "district court had a duty to explain its reasons for rejecting Emmett's request for early termination of supervised release," and in doing so provide a "sufficient explanation," as district courts have a duty to do so. *Id.* See also *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) and *United States v. Trujillo*, 713 F.3d 1003 (9th Cir. 2013).

> "This duty exists for two distinct prudential reasons. First, explanations allow circuit courts to conduct meaningful appellate review of sentencing decisions. *Gall v. United States*, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Second, explanations 'promote the perception of fair sentencing,' *id.*, creating trust in sentencing decisions by reassuring the public of the judiciary's commitment to reasoned decisionmaking, *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)." *Emmett, id.*

This duty does not just exist at original sentencing hearings, but also apply to requests for sentence reductions, which the Ninth Circuit has found includes requests for early termination of supervised release. This followed from the analogous nature that exists between §3583(c)(2) decisions and those from §3583(e).

> "The district court's duty to consider the § 3553(a) factors necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review." *Trujillo* at 1009.

The *Emmett* decision extends this analysis of what constitutes sufficient explanation to early termination motions:

> "Because the interests protected by the duty to explain are fully implicated when a district court hears a motion to terminate supervised release, we readily conclude that a district court's duty to 'consider' particular sentencing factors before granting or denying early termination implies that it also has a duty to explain its decision.
>
> What constitutes a sufficient explanation will necessarily vary depending on the complexity of the particular case. In each case, however, an explanation must be sufficiently detailed to permit meaningful appellate review, and it must state the court's reasons for rejecting 'nonfrivolous' arguments.
>
> [T]he district court need not give an elaborate explanation of its reasons for accepting or rejecting Emmett's arguments, and it need not tick off each of the (relevant) § 3553(a) factors to show that it has considered them. The record as a whole must, however, contain an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard"

This serves several functions when on appellate review. First, it helps identify if the incorrect standard is used and, second, will identify which sentencing factor or factors influenced the court's decision. For example, the average supervised release term imposed under §3583(k) is 82-months. A defendant sentenced to ten years of supervision under §3583(k), who requests early termination after serving two of those ten years, could be

*United States v. Dennis Anthony Brown,*
No. 5:08-CR-205 (C.D. Cal.)

Page 4

denied when factor §3553(a)(6)[1] is considered. Similarly, any defendant with a history of violating supervision terms, or with a history of supervision revocation(s), could be denied when considering factor §3553(a)(1).[2]

Similarly, if a Court denies a request for early termination of supervised release because the term-already-served is insufficient to properly punish the defendant, the Ninth Circuit would benefit from that explanation, since §3553(a)(2)(A) is excluded from consideration for all §3583(e) decisions.

This also applies to denials of early termination using similarly excluded factors/considerations. A denial of early termination due to:

1. The seriousness of the underlying offense;
2. The need to promote respect for the law; or
3. A finding or conclusion that:
   - An applicable mandatory minimum term bars the Court from granting early termination; or,
   - A waiver of appeal contained in a plea agreement bars the Court from granting early termination.

## IV. Decisions Pursuant to 18 U.S.C. §3583(e) are Separate and Distinct from Sentencing Decisions, by Design

Post-conviction modifications under §3583(e) are unique, distinct. They are naturally separated from general sentencing decisions. They require a much lower evidentiary standard than applies to sentencing decisions. Findings of fact during revocation proceedings under §3553(c) do not require proof beyond a reasonable doubt, but rather by a preponderance of the evidence.

This is not an unintended consequence of statutory language, but was made this way by design so the discretion of the district court would not be limited by full Due Process

---

1 Avoiding sentencing disparities.
2 The History and Charaacteristics of the defendant.

*United States v. Dennis Anthony Brown,*
No. 5:08-CR-205 (C.D. Cal.)                                                                 Page 5

considerations when faced with revoking a term of supervision. This, however, cuts both ways: if revocation proceedings do not invoke Due Process considerations like pretrial, trial, and original (or re-) sentencing proceedings do, then §3583(e) decisions are, indeed, something different. To wit, they are post-conviction or post-release modifications of the *original* sentence. Statutory minimum terms and plea agreements may dictate what sentence a court must *impose*, but neither "removes the Court's discretion, after the sentence was imposed, to reduce or terminate Defendant's" term of supervised release under §3583(e). *United States v. Joshua*, No. 05-CR-1140-RSWL (C.D. Cal. Feb. 4, 2019).

> "While the Ninth Circuit has not directly addressed section 841's limitation on section 3583, other courts in this district have followed a Sixth Circuit decision, *United States v. Spinelle*, 41 F.3d 1056 (6th Cir. 1994), to find that section 841 does not prevent courts from terminating supervised release under 3583 before the mandatory term is completed." *Id.*

The Sixth Circuit decided this issue in *Spinelle* 28 years ago, far closer in time to the inception of the Sentencing Reform Act than today. The government in *Spinelle* argued that the district court lost its authority to grant early termination when a mandatory minimum term applied by combining sentencing decisions and post-sentence modifications into one monolithic decision-set:

> The government's statutory interpretation, however, does create a conflict because it attempts to combine in one sentencing phase what Congress has divided into two: sentencing and post-sentence modification… In the mind of Congress, as expressed in the plain meaning of the statutes, however, the sentencing phase is different than post-sentence modification… When Congress subsequently amended 18 U.S.C. § 3583(a) to require that courts impose a term of supervised release on a defendant if such a term is required by statute, it only partially limited a court's discretionary authority to *impose* the sentence. Congress did not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warranted it." *Spinelle* at 1059, 1060 (Emphasis in original).

This is the only logical conclusion. Concluding the opposite, that the Court could be stripped of its authority to modify supevision under §3583(e) would have substantial unintended consequence. It would render the Court unable to modify the conditions or even *revoke* a term of supervised release if such a term is statutorily-mandated, or when a plea agreement stipulates a certain term (and includes a bar to any post-sentence alteration of that term).

Many other courts in this district, in California, and throughout the Ninth Circuit have concluded the same. *United States v. Sims*, No. 09-CR-00101-VAP-7 (C.D. Cal. Sept. 24, 2018) *United States v. Hood*, No.2:03-CR-0743-CAS (C.D. Cal. Jan. 11, 2017); *United States v. Carrillo*, No. 15-CR-327-MMM, (C.D. Cal. Sept. 20, 2016); *United States v. Carter*, No. 03-CR-695-AHM, (C.D. Cal. Jan. 26, 2015); *United States v. McClister*, 2008 WL 153771 (D. Utah Jan 14, 2008); *United States v. Sainz*, No. 11-CR-640-BLF-3, 11-CR-712-BLF-2, 11-CR-894-BLF-1 (N.D. Cal. Aug. 16, 2022); and *United States v. Billingsley*, No. (E.D. Cal. June 15, 2017) (Citing the emphasis on the trial court's discretion under 18 U.S.C. § 3583(e) to terminate or modify supervision after defendant completes one year of supervised release in *United States v. Johnson*, 529 U.S. 53, 60 (2000)).

This trend is not relegated to courts in the Ninth Circuit, but is true around the nation as well. See *United States v. Scott*, 362 F.Supp.2d 982 (N.D. Ill. 2005), *Pope v. Perdue*, 889, F.3d 410, 414 (7th Cir. 2018), *United States v. Vargas*, 564 F.3d 618, 622-23 (2nd Cir. 2009) (assuming without deciding that mandatory supervised release can be terminated under section 3583(e)(1) *United States v. Carpenter*, 803 F.3d 1224, 1229, 1241 n.4 (11th Cir. 2015) (observing that an offender with a five year minimum term of supervised release may have the term shortened after one year), *United States v. Coleman*, No. 16-10370 (5th Cir. Mar. 15, 2017).

### V. Renewed Request for Early Termination

As previously argued, I pose not danger to the community: deterrence and protecting the public are handled and the interests of justice satisfied there. I have no vocational, medical,

housing, or other correctional treatment needs left to be addressed, so subsection (a)(2) fully supports early termination.

Whether or not the Court believes that mandatory minimum terms cannot be terminated is not relevant here, as I have now served double the mandatory minimum term demanded by §3583(k).

The range for sentences, as recommended by the Sentencing Commission, is lifetime for anybody sentenced pursuant to §3583(k). However, this range is three to five years for typical Class A & B felonies and the Commission was stripped of all authority to alter its own guidelines for sexual-offender sentencing recommendations since 2005 a quorum to change this policy since 2018, whereas the Commission has published a report to Congress since this date (2021) explicitly addressing its issues with sentencing practices for non-production pornography offenders ("2021 Report").[3] Not that a quorum would matter much, as Congress removed the Commission's authority to amend §2G2.2 altogether in 1998.[4]

> "In order to revise §2G2.2 to more adequately account for these three factors and to eliminate the disproportionate emphasis on outdated measures of culpability, the Commission recommended that Congress enact legislation providing the Commission express authority to amend the guideline provisions that were promulgated pursuant to specific congressional directives." *Id.* at 2.

> "To date, Congress has not implemented the Commission's statutory or guideline recommendations. Therefore, §2G2.2 remains largely unchanged, with the guideline enhancements for non-production child pornography offenders at issue in the 2012 Child Pornography Report still in effect. As a result, judges have continued to sentence most non-production child pornography offenders below their guideline ranges, most often by imposing variances pursuant to 18 U.S.C. § 3553(a)." *Id.* at 3.

---

3  *Federal Sentencing of Child Pornography Non-Production Offenses*; (2021) U.S. Sentencing Commission.

4  Guidelines Amendment 615 (2001): "This is a three-part amendment promulgated primarily in response to the Protection of Children from Sexual Predators Act of 1998, Pub. L. 105–314 (the "Act"), which contains several directives to the Commission. "

By and large here, §3553(a)(4) – (6) are interdependent because the established ranges set by the Sentencing Commission, the policy of the Sentencing Commission, and avoiding sentencing disparities are all interrelated. The Sentencing Commission stated in its 2021 Report that their recommendations to Congress regarding disproportionate outcomes in pornography sentencing practice were not acted upon.

It follows that the policy of the Commission, as well as the recommended term of supervised release, would change if the Commission had the authority and quorum to do so. In practice, however, the average term of supervised release for all defendants sentenced under §3583(k) is 82 months.[5][6]

At 121 months of supervision now served, without any violations, arrests, or problems at all, my conduct is rather exceptional. To wit, it is the exception to the rule, since more than half of all released federal offenders are rearrested within their term of supervised release. The average non-§3583(k) term of supervision being 41 months. Footnote 5.). Having served triple the average term without any issues occurs in the vast minority of all cases, making my conduct extraordinarily good by definition.

With that said, mandating that I serve more time on supervision would create a sentencing disparity between my case and all metrics used to measure terms of supervision: total average terms, average terms imposed under §3583(k), and *median* terms for the same.

## VI. Updated Personal Information

I am on a reduced-intensity supervision, where I only see my probation officer four-or-so times per year. I no longer have a probation officer who specializes in sexual offense cases and am now supervised under a general probation officer's case load.

---

[5] *Federal Offenders Sentenced to Supervised Release*; (2010) United States Sentencing Commission at pg. 52 (see also note 240). The 2021 Report states that the *median* term imposed in 2015 was 120 months.

[6] The offenders studied in the 2021 Report were rearrested at roughly half the rate of the average released, male, federal offender (27.6% v. 52.3%), and only 4.3% of those were rearrested for new sexual offenses.

Finally, I am qualified as a firefighter and able to work with the U.S. Forest Service and the Bureau of Land Management once my supervision is over. I am currently working for Amazon until that day comes.

## VII. CONCLUSION

For the reasons argued in this brief, I respectfully ask and re-urge this Court to terminate the remaining portion of my supervised release term.

Submitted on this 26TH day of September, 2022.

DENNIS ANTHONY BROWN
(657) 293-3150
Address withheld [F.R.Crim.P 49.1]
Corona, CA 92882
skysharka2503@yahoo.com
*Pro Se* Defendant, Movant

Certificate of Service

With my signature above, I attest that I have complied with F.R.Civ.P. 5(b)(2)(E) and have served true and correct (original) copies of the foregoing **THIRD MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** upon the Clerk of the Court and the Representative of the government. Service was affected by placing the same in postage-prepaid envelopes and sent using U.S. Postal to the following addresses:

| **Priya Sopori** | **Clerk of the U.S. District Court** |
|---|---|
| Greenberg, Glusker, Fields, Claman, and Machtinger, LLP | Central District of CA – Riverside |
| 2049 Century Park East | Geroge E. Brown, Jr. Federal Bldg. & U.S. Courthouse |
| Suite 2600 | 3407 Twelfth Street |
| Los Angeles, CA 90067 | Riverside, CA 92501 |

*United States v. Dennis Anthony Brown,*
No. 5:08-CR-205 (C.D. Cal.)

Page 10



Clerk of the U.S. District Court
Central District of CA – Riverside
George E. Brown, Jr. Fed. Bldg. & U.S. Courthouse
3470 Twelfth Street
Riverside, CA 92501

SGL
Inactive Judge

Dennis Anthony Brown
2493 Water Way
Corona, CA 92882