E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
ABIGAIL W. EVANS (SBN 249629)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6086
    Facsimile: (951) 276-6237
    E-mail:    Abigail.W.Evans@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 08-00205-SGL-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S THIRD MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| DENNIS ANTHONY BROWN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Abigail W. Evans, hereby files its opposition to defendant's third motion for early termination of supervised release.

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 27, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


        /s/
ABIGAIL W. EVANS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Dennis Anthony Brown ("defendant") has filed a Third Motion for Early Termination of his 180-month period of supervised release after 125 months ("Third Motion").  As in his prior two motions, defendant again requests early termination based on his compliance and progress on supervised release.  For the reasons set forth below, the Third Motion should be denied.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

On April 1, 2009, defendant pled guilty to possession of child pornography in violation 18 U.S.C. §2252A(a)(5)(B).  (Dkt. 24.)  On September 21, 2009, defendant was sentenced to 42 months imprisonment followed by 180 months of supervised release.  (Dkt. 38.)  On August 21, 2012, defendant was released from custody, and has since completed 125 months of supervised release.  (Third Motion at 9, adjusted for ensuing 5 months.)

Defendant filed his first motion for early termination of supervised release ("First Motion") on May 9, 2018. (Dkt. 42.) That motion was denied on May 29, 2018.  (Dkt. 44.)  Defendant filed his second motion for early termination of supervised release ("Second Motion") on August 27, 2021.  (Dkt. 46.)  On September 9, 2021, the United States Probation and Pretrial Services Office ("USPPO") submitted its response objecting to defendant's release ("USPPO Response 9/9/21").  (Dkt. 45.)  The Second Motion was denied on October 28, 2021.  (Dkt. 48.)  Defendant filed his third motion for early termination of supervised release ("Third Motion") on September 27, 2022.  (Dkt 49.)  On October 4, 2022, the USPPO submitted its response objecting to defendant's release ("USPPO

Response 10/4/22"). (Dkt. 50.)  The Third Motion provides no basis for early termination that was not already rejected in defendant's prior two motions.  For those and other reasons, the government respectfully requests that this Court deny defendant's Third Motion.

### III. LEGAL STANDARD

The Court has discretion to consider "a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014); see also United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002) (the modification mechanism in § 3553(a) allows a sentencing court to respond to "changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to service the general punishment goals of § 3553(a)"). After considering the relevant § 3553(a) factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e); see United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).

A defendant must ordinarily demonstrate "more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination." United States v. Russell, 2013 WL 2634399 at *1 (E.D. Wisc. June 11, 2013). Rather, "courts have generally granted early termination only in

cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision hinders rather than facilitates the defendant's rehabilitation." Id. (collecting cases). Early termination of supervision may be warranted where the defendant demonstrates changed circumstances that render the previously imposed term of release inappropriate to serve the goals of § 3553(a). Miller, 205 F.3d at 1101; Lussier, 104 F.3d at 36. Defendant bears the burden of demonstrating that early termination is justified. United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

## IV. ARGUMENT

In his Third Motion, defendant makes essentially the same arguments that he made in his First Motion and Second Motion, both of which were denied. There is nothing in his Third Motion that would justify a different outcome. Once again, defendant sets forth his unblemished record of compliance on supervised release as a basis for early termination. (Third Motion at 9.) But his compliance is no more a sufficient justification for early termination of supervised release now than it was when his first and second motions were denied. "Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." United States v. Grossi, 2011 WL 704364, *2 (N.D. Cal. Feb. 18, 2011) (citations omitted). Defendant's clear record of compliance with the conditions of supervision does not, by itself, qualify as exceptionally good behavior. Nor do the reduced level of intensity in defendant's supervision or his employment constitute new or changed circumstances that provide justification for early termination under Lussier. (Third Motion at 9-10.)

Moreover, the relevant § 3553(a) factors do not support early termination.  Possession of child pornography is a serious offense that inflicts extreme harm on minors, a particularly vulnerable victim population.  In light of the nature and seriousness of the offense and the difficulty in detecting such crimes, a lengthy period of supervision serves as both a general and specific deterrent.

Defendant has served a term of 125 months, approximately four and a half years short of the term of 15 years to which he was sentenced. Requiring Defendant to serve the remaining 55 months of his fifteen-year term would serve the need for deterrence, and would fulfill the need to protect the public.  Possession of child pornography harms a particularly vulnerable victim population that requires greater protection.  Known recidivism rates for sex offenses against children are high, and since they often go unreported or undetected, the actual risk of recidivism is higher than reported. See, e.g., United States Sentencing Commission, 2012 Report to the Congress: Federal Child Pornography Offenses (2012).  Defendant would greatly benefit from further supervision to address his post-traumatic stress disorder and continue his progress in counseling and rehabilitation.

Defendant's argument that his term of supervised release creates a disparity in sentencing is unpersuasive. (Third Motion at 8-9.) Defendant received a 15-year term of supervised release for an offense for which the recommended period is lifetime supervised release.  Comparisons to terms of supervised release imposed for other offenses are inapposite, as they ignore the special nature of the crime for which supervised release is imposed under §3583(k). Rather than having been sentenced to a harsher term of supervised

release than other similarly situated defendants, he received a term of supervised release than below the advisory guideline range.

Thus, application of the relevant §3553(a) factors to defendant's circumstances indicates that his early termination is not in interest of justice. See 18 U.S.C. § 3583(e)(1).

Finally, the government concurs with the USPPO that the circumstances of defendant's employment, family support, mental health treatment and sex offender treatment provide beneficial stability and continuity of treatment, with the accountability inherent in supervision.  (USPPO Response 10/4/22.)  Early termination of his supervision has a significant risk of stunting or reversing -- not enhancing -- the crucial rehabilitative and anti-recidivism progress he continues to make.

**V.      CONCLUSION**

For the foregoing reasons, the Court should deny defendant's motion for early termination of supervised release.